# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-08410-RGK-PLA | Date | October 4, 2019 |
|---|---|---|---|
| Title | *Yolanta Swiatek v. Michael J. Noble et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: *Ex Parte* Application to Remand Case (DE 6)

On July 3, 2019, Plaintiff Yolanda Swiatek ("Plaintiff") filed the instant unlawful detainer action against *pro se* Defendant Michael J. Noble ("Defendant") in Los Angeles Superior Court. The state court set a trial date of September 9, 2019. On September 6, 2019—one business day before trial—Defendant filed a notice of removal. On September 9, 2019, the district court remanded the action, finding that there was no valid basis to invoke the court's subject matter jurisdiction.

After the case was remanded, the state court set a new trial date of October 3, 2019. On September 30, 2019, Defendant filed a second notice of removal. The most recent notice of removal is styled as a hybrid notice of removal and counter-complaint for violation of 12 U.S.C. § 2601. Presently before the Court is Plaintiff's *Ex Parte* Application requesting that the Court remand the case with prejudice and rule that Defendant may not file additional notices of removal. Defendant did not file an opposition.

As with his previous attempt, Defendant's most recent attempt to remove this unlawful detainer action fails. "The law is clear that '[u]nlawful detainer actions are strictly within the province of state court.'" *Bank of Am. Nat'l Ass'n v. Luther*, No. 214CV04437CASVBKX, 2014 WL 12600257, at *1 (C.D. Cal. July 11, 2014) (quoting another source); *Galileo Fi. v. Miin Sun Park*, No. 09–1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.") Defendant's hybrid notice of removal/counter-complaint is an improper attempt to insert a federal counterclaim into this case in order to establish federal question jurisdiction. But even if Defendant's attempt to convert a notice of removal into a counter-complaint was procedurally proper, this would still not establish federal question jurisdiction because a defendant cannot remove a case to federal court based on the presence of a federal counterclaim. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08410-RGK-PLA | Date | October 4, 2019 |
|---|---|---|---|
| Title | *Yolanta Swiatek v. Michael J. Noble et al.* | | |

U.S. 1, 10 (1983) ("a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law") (emphasis in original); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) ("removal jurisdiction must be disclosed on the face of the plaintiff's complaint…To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same.") Because neither diversity jurisdiction nor federal question jurisdiction is disclosed on the face of Plaintiff's Complaint, the Court cannot exercise subject matter jurisdiction over the present action.

Removal pursuant to 28 U.S.C. § 1443 is also improper. To remove a case pursuant to 28 U.S.C. § 1443, a defendant must satisfy a two-part test. *See Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* Here, Defendant does not allege any facts that would support removal under § 1443. There are no allegations that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. 28 U.S.C. § 1443(1). Therefore, the notice of removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

Accordingly, the Court **GRANTS** Plaintiff's *Ex Parte* Application insofar as it seeks a remand of this case to state court. Defendant is admonished that any attempt to remove this action again may result in an award of attorneys' fees against Defendant as well as other monetary and/or terminating sanctions.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____